# In the United States District Court
## for the
## Western District of Texas

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | |
| | § | SA-12-CR-887-XR |
| WILLIAM JAMES SMITH | § | |

**ORDER**

On this day came on to be considered Defendant's motion "for review" of his supervised release conditions.

Defendant pled guilty to one count of failure to register as a sex offender. On March 25, 2013, the Court sentenced him to 20 months with credit for time served since August 31, 2012. Upon release from imprisonment, he will be placed on supervised release for 30 years with various conditions. Specifically, he is challenging the condition that he not associate with any child under the age of 18, except in the presence and supervision of an adult specifically designated by a U.S. Probation Officer. He complains that once he is released from imprisonment, this restriction will interfere with his relationship with his 8-year old son.

The Defendant has been convicted of two prior sex offenses against teenage girls. The instant offense of conviction was discovered because the Defendant was sending inappropriate text messages to teenage girls. Indeed, upon discovery of this behavior, Defendant's employer did research and determined that the Defendant was a sex offender who was not registered in the State of Texas. These behaviors indicate the Defendant has a clear sexual interest in teenage girls, and continues to pursue this interest. Because of this behavior, the condition of no contact with children without the permission of the probation officer is appropriate. *See U.S. v. Rodriguez*, 558 F.3d 408, 416 (5th Cir. 2009) ("the association condition permitting the

probation officer to designate an adult to supervise Rodriguez's contact with minors does not completely prohibit Rodriguez from contact with his children, or any children. Rodriguez may associate with children under the age of eighteen so long as he complies with the district court's caveats to the association restriction. Hence, the restriction is not absolute because Rodriguez may associate with minors, including his own children, after his probation officer designates in writing an adult who will supervise the contact.").

This condition only limits the Defendant's contact with his son insofar as he has to remain in good standing with his therapist and probation officer to retain this privilege. An unreasonable condition would be no contact whatsoever with any children under any circumstances (including his son). The condition as imposed does not restrict this Defendant in such a manner. The Court (through the condition) allows the probation officer discretion to allow contact with the Defendant's immediate children.

Defendant's motion (docket no. 39) is denied.

SIGNED this 10th day of April, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE